The next case is Silversky v. Fletcher If you'd like to adjust it, it can go down on that side. There's a little button on your left. We'll switch. There you go. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Christina Neal, and I represent the petitioner, or applicant, Jonathan Silversky. I respectfully request to reserve two minutes of my time for rebuttal. Okay. Mr. Silversky is seeking this Court's permission to file a successive 2254 petition. At this gatekeeping stage, his burden is low. According to Section 2244b-2, he must make a prima facie showing that he relied on a new rule of constitutional law that was made retroactive by the United States Supreme Court and previously unavailable to him. Has that been shown with respect to Williams? Williams, it has not been expressly, there has been no United States Supreme Court case that has expressly made Williams retroactive. So how does that not end your argument there? Your Honor, I think with a prima facie showing what we have argued as applied to Mr. Silversky, considering that he is, that he's, what his argument is, is that he has, that he's being held beyond the time period that he could, and that he's facing a punishment that the law cannot oppose on him, and so that retroactively, this is a new rule that is a rule of substance to Mr. Silversky. And it makes sense that the burden is so low right now as he's not asking your Honors to decide the merits of this claim. He's only asking the opportunity to litigate it in district court. Your Honors ruling outside of the SOS context would not have precedential value, would not be preclusive effect on the district court. I think it's clear that he is relying on Williams' new rule of constitutional law. When Mr. Silversky was sentenced in 2002, he was sentenced to 35 years with 10 years suspended to the Department of Corrections. At the time that he was sentenced, a sentence to the Department of Corrections in Montana, the maximum could be five years to the Department of Corrections. In 2008, he then filed a writ of habeas corpus and argued that, into the Montana Supreme Court, and argued that I'm being held illegally. At the time that he filed that, Mike McGrath was the Attorney General and responded, or his office responded and argued against Mr. Silversky. Mr. McGrath then... The then Attorney General did not sign the pleading, correct? No, he did not. One of the assistant Attorney Generals did sign the pleading. The caption says, Michael McGrath, Attorney General of Montana by... That is correct, Your Honor. Mr. McGrath then was elected and took on the role of the Chief Justice of the Montana Supreme Court and was sworn in in January of 2009. Several weeks subsequent, or several weeks later, there was a panel of judges with Mr. McGrath on them that decided against Mr. Silversky's habeas petition. Assume, for the purposes of what I'm about to ask, that Williams does apply. I have trouble seeing how Williams, even if it applies, gets there on the facts of this case. That is to say, as far as I can tell, when he was Attorney General, Mr. McGrath really didn't have any direct involvement of the case. He was Attorney General. Attorney Generals tend not to get deeply involved in individual cases. Help me again with the nature of the ruling in front of the Montana Supreme Court. Was this a routine denial of a habeas? This was... Was it one of these one-line denials? No, it was actually a written decision in which that panel from the justices... It was probably a two-page, two-to-three-page ruling where they actually went in and quoted verbatim from some of the Attorney Generals' briefing and issuing their denial. But it wasn't summarily denied. So it's not a frivolous argument under Williams. It may or may not be a winning argument under Williams. That may be true, Your Honor, and I think that's why at the prima facie stage in what we're at, why that burden is so low to allow us the time or allow us to be able to proceed to district court to fully brief and ask for a ruling from the district court on the merits of this. Okay. Why don't we hear from the other side, and then you've got a lot of time. Yes. Thank you, Your Honor. Thank you. May it please the Court, my name is Mark Fowler, Assistant Attorney General for the State of Montana. I'm just going to speak at this low podium. Williams is not groundbreaking watershed. It didn't raise any new rule of constitutional law that should be retroactively applied. As a matter of fact, Petitioner had raised a Williams-type claim before based on Caperton, then issued in 2010 by the U.S. Supreme Court, which is essentially the same claim, judicial bias. Williams, Caperton all reached back to its root, which is the Murchison case from 1955, which talked about the probability of the risk of actual bias. Not actual bias itself, but the probability of risk. That's well-settled law and settled precedent. So what Petitioner is attempting to do is to frame Williams as something new or groundbreaking. It was new in the sense that it no longer mattered whether the judge that should have recused him or herself cast the deciding vote, right? That is the difference. As a matter of fact, when this Court heard the Caperton issue, or the judicial bias claim, from the 2010 habeas petition, which was the second federal habeas petition, this Court, in its memorandum decision in 2012, said that. That, among other things, this claim is not meritorious, it's procedurally barred, and it doesn't apply to state collateral proceedings. And furthermore, we or the Court, speaking on behalf of the Ninth Circuit, has never said that there is prejudice in light of the fact it's a multi-member panel. Williams did clarify, but that goes really to a component of the judicial bias analysis, which is to the harmless error portion. So that can't be harmless error, but I think, if you will, the meat of the claim is judicial bias, and there's really nothing groundbreaking in Williams. This would be Petitioner's third habeas petition. This claim has already been raised and declared procedurally defaulted. It would be, again, of course, that's something that would be argued below, if this Court permits this to proceed. But we ask you to decline the request here for success of the petition. You know, all Chief Justice McGrath had to do to avoid this issue was not participate. That's true. Right? But there are – I think it is – someone wants to find ethics that covers the distance between what you have a right to do and what you should not do. Well, in fairness to Justice McGrath, as in the other cases before the U.S. Supreme Court, there was usually a motion for recusal. You know, McGrath – He's perfectly entitled – this is a little commentary – he's perfectly entitled inside his chambers to say, you know, I don't think this rule applies to me, and so I think I can go ahead and participate. But why in – for God's sake, he just didn't recuse? Because there are so many cases before the Montana Supreme Court. You know, it's very often the case that a prosecutor will be elevated to the Montana Supreme Court. You know, it does happen. Yeah. Prosecutors become judges sometimes. They do. They do. And, you know, I think it was incumbent upon Mr. Silversky to move to recuse. Mr. Silversky, by the way, has never brought this same claim before the – for the Montana Supreme Court or any State court. Although he's filed six State habeas petitions, he's never raised this claim even after raising the Caperton claim in federal court. So the facts are distinguishable. There is no – there's no evidence put before the Court, as the magistrate has found in 2009, that would indicate any intolerable risk of actual bias. Thank you, Your Honor. I understand your argument. Thank you. Okay. Thank you. Response? Your Honor, it's just a quick response into some of the questions that were posed to the Assistant Attorney General. This matter, when it was raised, was raised as a writ. So there would not have been involvement from the county attorney's office. And so it would have been dealt with directly by the attorney general's office, which Michael McGrath would have been the attorney general. And not filtered through kind of a county attorney system. And so I would just offer that as a response into your questions. And that would be – without further – I have open to any further questions. Okay. Thank you. I thank both sides. Thank you. Thank you. Case of Silver Sky v. Fletcher submitted for decision. The next case this morning, Mion v. Rodriguez v. Barr.
judges: Hawkins, W. Fletcher, Bennett